Action by Samuel Sutker against Kitty Kent and LaBouchere Inc., a Florida corporation, on general counts for debt, for money received, for money found to be on an account stated, for money lent, on two counts in special assumpsit, and on one count in tort for conversion of jewelry. From a judgment for plaintiff, the defendants appeal.
Judgment affirmed.
The plaintiff-appellee Sutker delivered certain jewelry to the appellant Kitty Kent and took her receipt therefor. The receipt recited the value to total $5,050.00; it recited the delivery to be for "examination and inspection only." Kitty Kent failed to return the jewelry upon demand, whereupon plaintiff Sutker brought suit. Kitty Kent was an officer of LaBouchere, Inc.
The real question before this court for consideration is whether or not a prior judgment in Case 21188, rendered in the same court in a suit between the same parties concerning the same subject matter was res judicata.
In the suit at bar the appellee-plaintiff sued the appellant-defendant on the general counts for debt, for money received, money found to be on account stated, and for money lent and also on two counts in special assumpsit and on one count in tort for conversion.
To these counts defendants filed pleas of never was indebted, not guilty, and a special plea of res judicata in Suit "No. 21188."
Upon trial of the issues the jury returned a verdict against appellant in the sum of $5,050.00 and from a final judgment in a like sum the defendant, as appellant, brings this appeal.
The appellant moved for a directed verdict, which was denied, and on appeal an assignment of error made and argued is as follows: Assignment of Error 1: *Page 146 
"That the Court erred in denying defendants' motion for a directed verdict in this cause, the matters and issues having been adjudicated, in the prior cause, Common Law No. 21188."
Appellant submitted in argument addressed to the assignment of error the following question:
"Where on trial a verdict is directed in defendants favor during plaintiff's case, and judgment entered thereon, and no appeal taken, can a new suit lie by same plaintiff against same defendants on same cause of action?"
The quoted assignment of error and the quoted "question" relative to a prior case, "Case 21188", and the facts therein as disclosed by the record were as follows:
In Case No. 21188 the plaintiff's declaration contained the general counts in assumpsit for goods bargained and sold, work done and materials furnished, money found to be due on account stated, to which declaration the defendants, who are the same parties as the defendants to the action at bar, filed pleas of "never was indebted as alleged." Assuming the views of the trial judge to be correct, the proper judgment to have been rendered was one of dismissal.
When Case 21188 came on for trial and before the plaintiff therein had rested his case and before the plaintiff had completed presenting testimony in chief the trial judge ruled from the bench that, since the plaintiff had established that the merchandise involved had been consigned for sale, (see 6 Am.Jur., Sec. 839, p. 170) plaintiff's case could not be one in assumpsit but properly was for conversion or replevin; that, in effect, plaintiff has mistaken his form of action, and thereupon the court (ex mero motu) directed the jury to return a verdict for the defendants, which it did on March 8, 1948.[1]
On March 10, 1948, the trial judge rendered a final judgment therein that the "plaintiff take nothing by his said suit and that said defendants go hence without day."
It is the aforesaid judgment rendered under the stated circumstances which the appellant presents as res judicata of the claim of plaintiff-appellee in the suit at bar.
We are not now concerned with the correctness of the ruling of the judge in the prior trial of Case 21188, but with the effect of the judgment rendered under the circumstances as recited above.
The applicable law as stated in American Jurisprudence is as follows: Res Judicata.
"Sec. 161. Generally. — Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal or concurrent jurisdiction." 30 Am.Jur. — Judgments — 908. Res Judicata — Manner of disposition of prior action.
"Sec. 208. Generally — In stating the doctrine of res judicata, the courts usually refer to the fact that the judgment sought *Page 147 
to be used as a basis of the doctrine was rendered upon the merits, since it is a general rule that a judgment rendered on any grounds which do not involve the merits of the action may not be used as a basis for the operation of the doctrine of res judicata. Under this rule, an adjudication on grounds purely technical, where the merits cannot come into question, is limited to the point actually decided, and does not preclude the maintenance of a subsequent action brought in a way to avoid the objection which proved fatal in the first action. As to the technical point decided, however, the judgment is conclusive, even though it is not conclusive as to the merits of the entire controversy. As distinguished from this situation, if the judgment determines that the plaintiff has no cause of action against the defendants, the plaintiff in respect thereto is permanently out of court. Where there are two issues in a case, upon either of which a judgment may rest, one going to the merits and the other not, its disposition is generally considered as resting upon the latter, so that the merits remain unadjudicated, unless the judgment appears to have been upon the merits." Ib., page 944 — Sec. 208.
"Sec. 210. Misconception of Remedy. — The doctrine of res judicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper form of proceeding. In such situation, the plaintiff entitled to bring the proper proceeding to enforce his cause of action." Ib., page 946 — Sec. 210.
Appellant complains that the trial judge erred in charging the jury:
"Now, about that other case that was tried up here, I do not think you should be concerned about that at all in your consideration of this case, so far as the law is concerned."
The effect of this charge was the equivalent of directing a verdict for the plaintiff on the issues as made by defendants' plea of res judicata. Such was not error. The case went to the jury on the count in conversion.[2]
The relationship between the plaintiff and defendants was that of bailment, which was contractual in nature. The first suit, Case 21188, sounded in contract. Judgment in that suit was adverse to the plaintiff and was stated to be on the ground that the plaintiff had made no case ex contractu but one only ex delictu.
The mere institution of a suit sounding in contract would not have the effect of precluding the plaintiff from bringing a second suit on the same claim sounding in tort under the facts and circumstances. The institution of the first suit was not a conclusive election of remedy. Had it been prosecuted to a final judgment on the merits, the case would be different.
The judgment appealed is affirmed.
TERRELL, THOMAS, SEBRING and HOBSON, JJ., concur.
ADAMS, C.J., and CHAPMAN, J., dissent.
[1] Before directing a verdict the trial judge advised plaintiff's attorney that: "You will have to get out a conversion or replevin against this woman. It is not an open account."
And that "Under his own testimony, there is no open account here at all. This is a suit for conversion or replevin. It is still his property, and she has just not accounted for it under his own testimony."
In directing the verdict, the Court used this language:
"Gentlemen: I will direct the jury to find verdict for this lady. It is not your fault (addressing attorneys for appellee). It is not your fault, because your client says that he never surrendered title to that property and she has not delivered it back. She is acting as trustee for him. He owns the property. She is his agent. It is a fiduciary trust. This is no suit on open account. What you need to do is to get out a conversion or replevin suit against this lady, for this property under his own testimony. Now he is the main stem of the case. It is not your fault or Mr. Clark's (addressing Mr. Phillips), but that is the evidence."
[2] Without reference to the counts in ex contractu, the court's charges to the jury on the issues were:
"The action here before you is whether or not this man entrusted his property which you heard described to this lady, and whether or not she returned it to him or converted it to her own use. Now, if she converted it to her own use, he is entitled to the reasonable value of that property at your hands by a verdict. If she used reasonable care of an ordinarily prudent person, taking into consideration all the circumstances of the case, and the value of the property, and nevertheless if she lost control of it she would not be liable."
* * * * * *
"Now, the Plaintiff must establish his declaration, that is the alleged conversion, by a preponderance of the evidence. If the evidence in this case is evenly balanced, then your verdict should be for the defendants, Kitty Kent and LeBouchere, Inc., because in that event the Plaintiff would not have sustained the burden of establishing the case by a preponderance of the evidence." *Page 148