295 So.2d 718 (1974)
PLAZA DEL PRADO CONDOMINIUM ASSOCIATION, inc., Appellant,
v.
GAC PROPERTIES, INC., a Florida Corporation, et al., Appellees.
No. 73-1448.
District Court of Appeal of Florida, Third District.
June 11, 1974.
*719 Weissenborn, Burr & Hyman, Miami, for appellant.
Pearson & Josefsberg, Miami, Goldstein, Franklin & Schrank, Norman S. Klein, North Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant, plaintiff in the trial court, is a condominium association formed pursuant to Chapter 711, Florida Statutes, F.S.A. The corporate appellees are the developers and sellers of the condominium complex in question. The individual appellees are officers and directors of the developing corporations who, by virtue of such positions, were made the initial officers of the condominium association. The development corporations and the individual appellees were the defendants below.
The appellant filed a multi-count complaint against the appellees urging that certain acts of the corporate and individual appellees were improper under the provisions of Chapter 711, Florida Statutes, F.S.A. Upon the motion of the appellees, several of the counts of the complaint were dismissed. This appeal is from that order. The counts which were dismissed were numbers 1, 5, 6 and 7. It will be necessary to consider the sufficiency of these counts separately.
Count 1 sought declaratory relief against the corporate and individual defendants. It alleged that the defendants had entered into a scheme or plan whereby the corporation postponed the payment of pro-rata assessments for a 120 day period so that the corporations were relieved of the pro-rata assessments on unsold apartment units. As a substitute for the monies which would have been collected from the apartment units pro-rata, the corporate defendants substituted an assessment against each new owner equal to 1% of the purchase price. The appellant attached the corporate agreement and the form of the deed used so that the court was presented with a question of whether or not the defendants had breached their fiduciary or legal obligations to the plaintiff corporation by carrying out this plan to relieve themselves of the pro-rata assessment. The trial court dismissed count 1 of the complaint, and the appellees contend here (1) that there was nothing illegal or improper in their actions and (2) that it is apparent from the complaint that the actions were agreed to by the individual condominium purchasers so that no cause of action could accrue to the association. We do not pass upon this argument addressed to the merits because we think that under the holding in Rosenhouse v. 1950 Spring Term Grand Jury, in and for Dade County, Fla. 1952, 56 So.2d 445, and the many cases following that holding the appellant was entitled to a declaration of its rights upon the question presented. The order dismissing the count is not a sufficient declaration upon the question involved because the dismissal is ambiguous and will not be a part of the judgment. We do not imply by this decision upon count I that the court would have been correct or incorrect had it accepted appellees' argument. We point out, however, that the rights of the association may be different in character and extent from that of the individual condominium purchasers. See Point East Management Corporation v. Point East One Condominium Corporation, Inc., Fla. 1973, 282 So.2d 628.
Count 5 of the complaint was also dismissed. It alleged that the individual defendants occupied fiduciary relationships with the condominium association as its officers, and that they breached that fiduciary relationship by failing to act in good faith in the purchase of certain insurance. The order dismissing this count was proper under the principles stated in Fountainview Association, Inc., No. Four v. Bell, Fla. App. 1967, 203 So.2d 657.
*720 Counts 6 and 7 of the complaint were dismissed as to the individual defendants but the defendants' motion directed to these two counts was denied as to the corporate defendants. This dismissed count sought recovery for the sale by the corporate defendants of certain areas which the complaint referred to as "common areas." It was alleged that it was illegal to sell rights as to these areas. The trial court properly dismissed the individual defendants from this count because it contained no basis for holding these corporate officers liable for the acts of the corporation.
Accordingly, we hold that the trial court correctly dismissed count 5 and correctly dismissed counts 6 and 7 as to the individual defendants but erred in the dismissal of count 1. The order appealed is affirmed in part and reversed in part and remanded for further proceedings, in accordance with the views expressed.
Affirmed in part, reversed in part and remanded.