328 So.2d 533 (1976)
BODIN APPAREL, INC., a Florida Corporation, Appellant,
v.
SUPERIOR STEAM SERVICE, INC., a Florida Corporation, et al., Appellees.
No. 75-442.
District Court of Appeal of Florida, Third District.
March 9, 1976.
*534 Stephens, Thornton & Schwartz and Lawrence A. Fuller, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and George W. Chesrow, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by Bodin Apparel, Inc., defendant and third party plaintiff in the trial court, from an order granting with prejudice, the motion of third party defendants, Superior Steam Service, Inc., and Clarence H. McMillen, Mary C. McMillen and Lena A. Harley, to dismiss the third party complaint filed against them in a wrongful death action.
The action commenced when the plaintiff, Lena A. Harley, as wife and administratrix of the estate of Norman T. Harley, deceased, filed a complaint for damages for the death of Norman T. Harley by electrocution when he came in contact with an uninsulated high voltage power line while working installing equipment on the roof of Bodin Apparel, Inc.'s premises. The complaint alleged that the deceased, as vice president of Superior Steam Service, Inc., was engaged by Bodin Apparel to install equipment on the roof. Harley was performing work on Bodin Apparel's roof, as an employee of Superior Steam, when he was electrocuted. The complaint alleged active negligence on the part of Bodin Apparel. Bodin answered the plaintiff's complaint and filed a third party complaint against Superior Steam Service, Inc., as employer of the deceased, and against its officers and board of directors, individually, one of whom is Lena A. Harley, the plaintiff. The third party defendants filed a motion to dismiss, the motion was granted with prejudice and this appeal ensued.
Bodin Apparel contends that the trial court erred in dismissing the third party complaint. We agree in part. In Central Truck Lines, Inc. v. White Motor *535 Corporation, Fla.App. 1975, 316 So.2d 579, we held that a defendant is not "locked in" by an allegation in the plaintiff's complaint that the defendant is the active tort-feasor, thus precluding the defendant from alleging in a third party complaint that he is but a passive tort-feasor and that the third party defendant is the active tort-feasor and defeating the maintenance of a third party claim in the same action. The fact that plaintiff Harley alleged that Bodin Apparel was the actively negligent party, does not preclude defendant Bodin from filing a third party claim alleging that, if it (Bodin) was negligent, its negligence was merely passive, in contrast to the active negligence of the third party defendant(s) and that, therefore, it (Bodin) is entitled to be indemnified.
We find, however, that the McMillens and Lena Harley, the officers and directions of Superior Steam, Inc., are not subject to individual liability on any of the allegations of the third party complaint under the facts presented in this case. See Gordon Finance, Inc. v. Belzaguy, Fla.App. 1968, 216 So.2d 240; Plaza Del Prado Condominium Association, Inc. v. GAC Properties, Inc., Fla.App. 1974, 295 So.2d 718, and compare Ramel v. Chasebrook Construction Company, Fla.App. 1961, 135 So.2d 876; CIC Leasing Corporation v. Dade Linen and Furniture Company, Fla.App. 1973, 279 So.2d 73.
One of the allegations of the third party complaint is that the third party defendants, Superior Steam Service Inc., Clarence H. McMillen, Mary McMillen, and Lena A. Harley, jointly and/or severally, negligently failed to provide workmen's compensation insurance to the original plaintiff, the decedent, Norman T. Harley, and that had workmen's compensation insurance been provided, the defendant-third party plaintiff, Bodin Apparel, would be covered thereby and would be immune from suit as not being a third party under Chapter 440, Fla. Stat. Since the McMillens and Lena Harley, the officers and directors, are not responsible as individuals for any of the claims in the third party complaint, they are not individually responsible for failure to have workmen's compensation insurance. Also, we are not aware of any authority for holding the corporate defendant, Superior Steam Service, Inc., to respond in negligence on the claim for failure to have workmen's compensation insurance.
Accordingly, we hold that the trial court correctly dismissed the third party complaint as to the individual defendants but erred in dismissing it as to Superior Steam, Inc. This opinion is not to be considered as passing on the merits vel non of certain allegations in the third party complaint against Superior Steam Service, Inc., including failure to have workmen's compensation insurance.
The order of dismissal is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
PEARSON, Judge (dissenting in part).
I agree with the decision except that I would hold that there is no cause of action stated for "failure to have workmen's compensation insurance."