PER CURIAM.
The appellant, Burleigh House Condo-minimum, Inc., a condominium association, filed an action againt the developer-lessor for declaratory judgment as to its rights under a recreation lease and as to amounts, if any, owing by plaintiff to defendant for rental under the lease for a certain period. In that civil action in the circuit court of Dade County, No. 73-27193, the court entered two judgments.
In one of the judgments, dated March 4, 1974, and recorded March 7, 1974, the court granted judgment on the pleadings in favor of the defendant as to the subject matter of counts numbered I and II of the amended complaint, on the ground of res judicata based on a prior action which the court cited by style and number. From that judgment the plaintiff filed an appeal on March 25, 1974 (No. 74-450).
In the second judgment, dated March 6, 1974, and recorded March 8, 1974, the court dismissed with prejudice “the claims asserted by plaintiff, which seek on various grounds abatement of the rent prescribed by the Burleigh House Community Facility Lease between the parties for the period from July 25, 1970, and September 24, 1970”, and held the defendant Herbert Buchwald, trustee, was entitled to recover from the plaintiff rental under the lease in the amount of $43,092.00 with $1,873.95 interest, aggregating $44,965.95, for which judgment was entered and execution ordered to issue. From that judgment the plaintiff appealed on April 2, 1974 (No. 74-492), by a notice of appeal which stated “The portion of the judgment appealed from is the denial of the plaintiff’s claim for damages, voiding of the leasehold and other relief as prayed for in the complaint by plaintiff and the granting of the damages demanded in the counterclaim by counter-claimant”. The defendant cross appealed from the ruling of the court disallowing defendant’s claim for attorney’s fees.
On motion of plaintiff-appellant, those appeals were consolidated in this court. While the appeals were pending, the parties, acting without the assistance of their attorneys of record, entered into a compromise on October 24, 1974,[1] incident to which the parties signed a “Settlement and Release Agreement”, as follows:
“WITH REGARD TO Civil Action No. 73-27193 between BURLEIGH HOUSE CONDOMINIUM, INC., Plaintiff, and HERBERT BUCHWALD, TRUSTEE, Defendant, pending before the Third District Court of Appeal, the following is hereby mutually promised and agreed upon;
1. Each of the parties to the above described suit hereby agrees to withdraw it’s Appeal and Cross-Appeal; and
2. Upon execution of this agreement, the parties will authorize and direct their Attorneys to prepare a Stipulation for *556 Dismissal, which shall be filed with the Third District Court of Appeal; and
3. Herbert Buchwald, Trustee and Burleigh House, Inc., hereby release and forever discharge Burleigh House Condominium, Inc., their heirs, executors, administrators, assigns, property and estate from any and all right, claims, demands or obligations arising out of the issues raised in the litigation described above, under the laws of any state or territory of the United States or of any foreign country as such laws exist or may hereafter be enacted or amended; and
4. Burleigh House Condominium, Inc., for itself and on behalf of the Unit Owners of the Burleigh House Condominium, hereby release and forever discharge Herbert Buchwald, Trustee, and Burleigh House, Inc., their heirs, executors, administrators, assigns, property and estate from any and all right, claims, demands or obligations arising out of the issues raised in the litigation described above, under the laws of any state or territory of the United States or of any foreign country as such laws exist or may hereafter be enacted or amended; and
5. Herbert Buchwald, Trustee, and Burleigh House, Inc., hereby agree to indemnify and hold Burleigh House Condominium, Inc., harmless from any claims or costs whatsoever in connection with the legal fees incurred in defending the above described litigation; and
6. Burleigh House Condominium, Inc., hereby agrees to indemnify and hold Herbert Buchwald, Trustee and Burleigh House, Inc., harmless from any claims or costs whatsoever in connection with the issues raised in the above described litigation.”
On the basis of that instrument, by a motion which included a copy thereof, the ap-pellee applied for dismissal of the appeals. After a noticed hearing on the motion, this court entered an order which stated, “that jurisdiction of this cause is remanded to the trial court for the purpose of the trial court’s determining if the Settlement and Release Agreement resolved all the issues raised by the parties herein”.
On April 17, 1975, after a hearing thereon at which testimony was taken, the trial court entered the order from which the plaintiff has taken the present appeal (No. 75-666). Therein the trial court denied the plaintiff’s motion for jury trial on the matter to be heard on the remand, and, in determination thereof, held the “Settlement and Release Agreement” was valid and binding on the parties and their counsel, and further held as follows: “The Settlement and Release Agreement accurately expressed the intent of the parties and operates to settle and resolve all matters of controversy involved in this cause (Case No. 73-27193) and all issues raised on appeal (consolidated Cases Nos. 74-492 and 74-450 pending in the District Court of Appeal), without any reservation, limitation or exclusion”.
Upon receipt of a certified copy of such-, order of the trial court, this court dismissed appeals numbered 74-450 and 74-492. A petition for rehearing thereof, filed by the appellant, was denied.
On this appeal by the plaintiff below from the trial court’s order determining the scope and effect of the settlement agreement, the appellant contends the trial court erred in denying its request for a jury trial on the matter, and that the finding and ruling of the trial court as to the scope or effect of the settlement are contrary to the weight of'the evidence and not supportable by the evidence.
The court properly heard the matter without jury trial. First, this court had remanded the matter for determination by the trial court. Secondly, there was involved *557 the necessity to resolve a latent ambiguity created by the written settlement agreement. Although clear on its face, as an apparent intent of the parties to settle the controversies involved in the cause, an ambiguity arose by reason of the circumstance that while the settlement agreement made reference to pendency of the cause on appeal, two appeals were pending, only one of which involved the money judgment and counterclaim, giving rise to a question of whether the settlement had reference to the subject matter of both appeals or only one of them. Such a latent ambiguity was properly resolved by the court on receiving testimony submitted by the parties bearing thereon.
On the question of the sufficiency of the evidence, we hold that the finding and judgment of the trial court on the scope and effect of the settlement had the support of competent substantial evidence. Appellant’s representative at the meeting at which the settlement was negotiated, drafted and signed, testified his intent was to settle only the money judgment and the counterclaim, and that his authorization by the corporation’s board was thus limited. However, the authorizing resolution, which was read into evidence, was not clear on that point and itself was ambiguous. The ambiguity therein was not resolved by other evidence. Opposed to that inconclusive resolution and the testimony of the plaintiff’s representatives at the settlement meeting, was testimony of the defendant’s representative at the meeting, who there drafted the settlement instrument and presented it for signature. The latter witness testified he explained to and informed the representatives of the plaintiff at the meeting as to the full scope and effect of the settlement agreement. This court may not re-evaluate the evidence. The trial court’s resolution of the matter on the conflicting evidence should not be disturbed. See Westerman v. Shell’s City, Inc., Fla. 1972, 265 So.2d 43.
The order appealed from is affirmed.

. The plaintiff paid the defendant $30,000.00, and the latter relinquished the claim against the plaintiff for attorney’s fees.