348 So.2d 920 (1977)
CABINET CRAFT, INC., Appellant,
v.
A. G. SPANOS ENTERPRISES, INC., Appellee.
No. 76-1994.
District Court of Appeal of Florida, Second District.
July 22, 1977.
Rehearing Denied August 29, 1977.
*921 Peter N. Meros, Meros, Coit, Wells, Edman & Meros, P.A., St. Petersburg, for appellant.
Ray J. Peacock, Goza, Hall, Peacock & Peters, P.A., Clearwater, for appellee.
GRIMES, Judge.
This is an appeal from a summary judgment dismissing a suit on grounds of res judicata and collateral estoppel.
Appellee (Spanos) entered into two contracts with appellant (Cabinet Craft) whereby Cabinet Craft would supply labor and materials for the installation of cabinets in two projects being built by Spanos. The projects were partially completed when the parties became involved in a dispute. Thereafter, Spanos sued Cabinet Craft for breach of contract for failure to furnish and install all the cabinets and claimed damages for delay in the completion of the projects.
Cabinet Craft filed a counterclaim asserting that it was really Spanos which had breached the contracts. Cabinet Craft alleged that during the course of construction Spanos announced that the projects were going to be closed down for three months. Cabinet Craft then notified Spanos that performance could not be stopped under the contract because this would put Cabinet Craft out of business. Spanos then advised Cabinet Craft that it would continue to perform under the contract only if Cabinet Craft would agree to substantially reduce the number of cabinets to be installed. Cabinet Craft stated that it declined to agree to this modification and was forced to withdraw from the job. According to Cabinet Craft the loss of these contracts forced it out of business. Cabinet Craft claimed loss of future profits under the contracts as well as payment for materials previously furnished before the contracts were terminated.
Prior to trial, Cabinet Craft's answer and counterclaim were dismissed pursuant to Section 607.357(6), Florida Statutes (1976), because Cabinet Craft, Inc. had been dissolved for failure to file its annual reports with the State of Florida and to pay its annual stock taxes. Spanos' cause of action was then tried before the court without a jury. The court found that the parties had mutually agreed to terminate the contracts and entered a final judgment against the claims of Spanos. Cabinet Craft subsequently obtained the reinstatement of its corporate status and moved for rehearing of the order which had stricken its pleadings. In its order denying the motion for rehearing the court stated that Cabinet Craft's pleadings had been stricken to avoid penalizing Spanos by delaying the trial because of Cabinet Craft's noncompliance with the Florida Corporation Law. The court pointed out that Cabinet Craft had been put on notice by Spanos' pleadings which denied that Cabinet Craft was qualified to do business in the state.[1]Cf. Marinelli v. Weaver, 208 So.2d 489 (Fla.2d DCA 1968). No appeal was taken in the case by either party.
Thereafter, Cabinet Craft filed a new action against Spanos. The allegations of the complaint were essentially the same as those of the counterclaim in the previous suit. Spanos obtained a summary judgment on the premise that since the previous suit involved the same issues, Cabinet Craft's claims were barred by res judicata and estoppel by judgment.
In Donahue v. Davis, 68 So.2d 163 (Fla. 1953), our Supreme Court said:
"The rule is well settled that in order to make a matter res judicata four conditions must concur, namely: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, and (4) identity of the quality in the person for or against whom the claim is made... ."
*922 Each of these four conditions existed in the instant case. However, as a general rule, a judgment entered upon any grounds which do not involve the merits of the action may not be used as the basis for the application of res judicata. Kent v. Sutker, 40 So.2d 145 (Fla. 1949). Thus, the court in Kent said:
"... Under this rule, an adjudication on grounds purely technical, where the merits cannot come into question, is limited to the point actually decided, and does not preclude the maintenance of a subsequent action brought in a way to avoid the objection which proved fatal in the first action... ."
The answer to the question of whether a previous action has been adjudicated upon the merits for purposes of res judicata is not always as easy as it may first appear. For example, the dismissal of an action for failure to comply with a court order to pay money into the registry of the court was held to be an adjudication on the merits which barred the institution of a subsequent suit on the same cause of action. Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957). On the other hand, a dismissal of a suit for failure to prosecute under Fla.R.Civ.P. 1.420(e) does not preclude the refiling of an identical suit. Gibbs v. Trudeau, 283 So.2d 889 (Fla.1st DCA 1973).
The dismissal of a corporation's claim because of the failure to maintain its legal corporate status appears analogous to the dismissal of a claim for lack of prosecution. Certainly there has been no adjudication of the substance of the claim. Furthermore, the language of Section 607.357(6) which provides that a corporation shall not maintain or defend any action "until" its annual report has been filed and the taxes paid seems to contemplate the possibility of curative action. Moreover, the dismissal would not have come about for failure to comply with a court order. Cf. Rashard v. Cappiali, 171 So.2d 581 (Fla.3d DCA 1965). Therefore, where a plaintiff corporation's suit is dismissed prior to trial for failure to comply with the statute, we do not believe that this constitutes an adjudication upon the merits which would preclude the refiling of a new suit on the same cause of action against the same party.
Nevertheless, we have difficulty in applying this principle to the instant case. When Cabinet Craft's pleadings were stricken the case was in a default posture. Yet, the court still had jurisdiction over Cabinet Craft, and for purposes of res judicata, a judgment entered upon default is just as conclusive as one which was hotly contested. Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926). When the case went to trial on the claims of Spanos and the court ruled that the contract had been terminated by mutual agreement, this constituted an adjudication on the merits. Therefore, since Cabinet Craft's counterclaim was by its nature a compulsory counterclaim, once a judgment on the merits of the subject matter of the action was entered, Cabinet Craft could not file a new suit on the same cause of action.[2]State v. Boyer, 145 So.2d 547 (Fla.1st DCA 1962); Pesce v. Linaido, 123 So.2d 747 (Fla.3d DCA 1960); see also Hay v. Salisbury, supra, in which the plaintiff in an action to specifically enforce an agreement to sell real estate was deemed barred by res judicata because she had previously suffered a default judgment in a suit brought against her by the landowners to quiet the title against her claims.
In view of our disposition of this appeal, it is unnecessary to analyze the applicability of the doctrine of estoppel by judgment.
AFFIRMED.
HOBSON, Acting C.J., and McNULTY, J., concur.
NOTES
[1] We need not be concerned whether the court erred in striking Cabinet Craft's pleadings rather than staying the case for a reasonable time to permit a reinstatement of the corporate status, because Cabinet Craft did not appeal.
[2] Had Cabinet Craft's counterclaim not been compulsory, there would have been no adjudication upon the merits and a new suit could have been filed in the same manner as a corporate plaintiff whose prior action has been dismissed prior to trial for failure to comply with Section 607.357(6).