368 So.2d 1316 (1979)
BURLEIGH HOUSE CONDOMINIUM, INC., a Florida Non-Profit Corporation, Appellant,
v.
Herbert BUCHWALD, Individually and As Trustee, Arlene Buchwald, Elliott Harris and Minerva Millis, Appellees.
No. 78-1136.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Rehearing Denied April 18, 1979.
*1317 Joseph S. Paglino, Miami, for appellant.
Steel, Hector & Davis and Darrey A. Davis, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
In this action a summary judgment was entered for the defendants, on the grounds that the cause of action presented by the complaint was barred by the statute of limitations and was barred by estoppel by judgment and by res judicata. The plaintiff appealed. We hold entry of summary judgment for defendants was error, and reverse.
On April 15, 1977, Burleigh House Condominium, Inc., a condominium association, on behalf of itself and of its members as a class filed a complaint against Herbert Buchwald, individually and as trustee, Arlene Buchwald his wife, Elliott Harris and Minerva Millis. Therein it was alleged that Burleigh House, Inc., of which Buchwald was and is the president, developed the condominium, formed the plaintiff condominium association corporation, and while the developer owned the condominium association caused the latter to enter into a 99-year lease of community recreational facilities; that the lessors were Buchwald as trustee (under a declaration of trust of which defendants Harris and Millis are beneficiaries) and Buchwald's wife, Arlene Buchwald, who joined in execution of the lease. Under the lease, which contained a rent escalation clause, the rental was to be paid by the future owners of the condominium units, with the lessors having a lien on condominium units to secure the rent payments. In addition, the lease required the unit owners to pay the taxes, insurance premiums, utility charges, repairs and maintenance on the leased premises.
The complaint alleged the lease was unconscionable in that the rental provided for thereby was unreasonable and excessive, and that by dealing with themselves in the making of such lease the defendants breached their fiduciary relationship to the condominium unit purchasers, and by unjust enrichment obtained exorbitant personal gain. The complaint sought damages for such allegedly improper profits of lessors and sought appropriate relief in equity with respect to such lease on the ground of unconscionability thereof.
In Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977), decided on March 31, 1977, prior to the date of the filing of this action, the Supreme Court of Florida held that in circumstances such as those alleged here a condominium association and condominium *1318 unit owners had a cause of action to recover such damages and for such "relief as equity dictates."
Thus, by Avila there was recognized and held to exist a cause of action which did not exist before that decision.[1] Ten years prior thereto it had been held that such a cause of action did not exist, in Fountainview Association, Inc. # 4 v. Bell, 203 So.2d 657 (Fla. 3d DCA 1967). In that case this court affirmed an order by which a complaint of a condominium association seeking relief similar to that sought in the present case had been dismissed on the ground that it did not state a cause of action. On consideration of that decision on petition for certiorari, following the District Court's certification of the decision as being one of great public interest, the Supreme Court discharged the writ of certiorari, upon holding that "the District Court of Appeal correctly decided the issue before it." See Fountainview Association, Inc. # 4 v. Bell, 214 So.2d 609 (Fla. 1968).
Likewise, it had been held that individual condominium unit owners had no such cause of action, in Wechsler v. Goldman, 214 So.2d 741 (Fla. 3d DCA 1968).[2]
The non-existence of such a cause of action, as so held in Fountainview in 1967 was recognized as the law in subsequent decisions prior to Avila, by the Supreme Court in Point East Management Corp. v. Point East One Condominium Corp., 282 So.2d 628 (Fla. 1973), cert. den. 417 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974), and by the District Court of Appeal in Wechsler v. Goldman, supra, Plaza del Prado Condominium Association, Inc. v. GAC Properties, Inc., 295 So.2d 718 (Fla. 3d DCA 1974); Commodore Plaza at Century 21 Condominium Association, Inc. v. Saul J. Morgan Enterprises, Inc., 301 So.2d 783 (Fla. 3d DCA 1974).
In the instant case, by denying defendants' motion to dismiss, the trial court recognized that the complaint stated a cause of action. The holding of the trial court that such cause of action presented by the complaint, for damages and for relief against the lease contract on the ground of unconscionability, was barred by the (four-year) statute of limitations, was incorrect. The lease was executed in December of 1969, and the condominium units were sold by 1970 or 1971. The complaint was filed in April of 1977. However, the cause of action declared upon in this case did not accrue until the time of the Avila decision in March of 1977, and the date of that decision *1319 marked the commencement of the running of the statute of limitations. Therefore, this action, commenced within a month thereafter, was timely filed.
"A cause of action cannot be said to have accrued, within the meaning of that statute [of limitations], until an action can be instituted thereon." Berger v. Jackson, 156 Fla. 251, 23 So.2d 265 (1945).
In City of Miami Beach v. Brooks, 70 So.2d 306, 309 (Fla. 1954), with reference to the time of commencement of the running of a statute of limitations, the Supreme Court said "the statute attaches when there has been notice of an invasion of the legal right of the plaintiff or he has been put on notice of his right to a cause of action" (emphasis supplied); and further stated "so that the statute must be held to attach when the plaintiff was first put upon notice or had reason to believe that her right of action had accrued."
This principle of law that the time of commencement of the running of a statute of limitations may not antedate the time of the accrual of the cause of action, was applied and explained, in a situation similar to that which is involved here, in United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353, 1358 (5th Cir.1972). That case concerned an action by an owner of a motor vehicle to obtain the return of his vehicle which had been seized and forfeited by the government, under certain circumstances. For a period after such seizure and forfeiture of the vehicle which was longer than the applicable statute of limitations, the state of the law was such that the right of an owner to require restitution of a vehicle so seized and forfeited did not exist. However, two decisions rendered by the Supreme Court of the United States in 1968 established the right of an owner to obtain return of a vehicle which had been seized under such circumstances. In the action filed thereafter by the owner to regain the vehicle, the contention of the government that the action was barred by the statute of limitations was rejected on the ground that his cause of action had not accrued until the time of said 1968 decisions which recognized the existence of the cause of action that could not have been successfully asserted previously. In explaining that ruling, the court said:
"The period of limitations does not always begin on the date of the wrong. See Cooper v. United States, 7th Cir.1971, 442 F.2d 908. No cause of action generally accrues until the plaintiff has a right to enforce his cause. Hodge v. Service Machine Company, 6th Cir.1971, 438 F.2d 347; Mack Trucks, Incorporated v. Bendix-Westinghouse Automotive Air Brake Company, 3d Cir.1966, 372 F.2d 18; Missouri Pacific Railroad Company v. Austin, 5th Cir.1961, 292 F.2d 415; Versluis v. Town of Haskell, Oklahoma, 10th Cir.1946, 154 F.2d 935; Cannon v. United States, 1956, 146 F. Supp. 827, 137 Ct.Cl. 104; Levine v. United States, 1956, 137 F. Supp. 955, 133 Ct.Cl. 774. The right to sue is hollow indeed until the right to succeed accompanies. Patently, appellant in the instant case had no reasonable probability of successfully prosecuting his claim against the government prior to the enunciation of the new Marchetti-Grosso rule on January 29, 1968. We realize that mere ignorance of one's rights will not toll the limitations period. Howard v. Sun Oil Company, 5th Cir.1969, 404 F.2d 596; New York and Cuba Mail Steamship Company v. United States, 1959, 172 F. Supp. 684, 145 Ct.Cl. 652; Adams v. Albany, S.D.Cal. 1948, 80 F. Supp. 876. This is not, however, a case in which a plaintiff is ignorant of his rights, but rather a case of a plaintiff without a right."
Also, that principal was applied in Neely v. United States, 546 F.2d 1059 (3rd Cir.1976). Dealing with a situation similar to that in the Red Chevrolet case relating to the statute of limitations the court said:
"* * * To require clairvoyance in predicting new jurisprudential furrows plowed by the Supreme Court, under these circumstances, would be to impose an unconscionable prerequisite to asserting a timely claim.

*1320 "Accordingly, we hold that rights accruing under Marchetti and Grosso were inherently unknowable prior to January 29, 1968, when those cases were decided. The statute of limitations on such claims was, therefore, suspended and did not begin to run until that date. United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353, 1358 (5th Cir.1972)."
We find to be without merit the contention of the appellees that the action should be considered to be barred by limitation on the theory that the plaintiff could have filed an action seeking such relief prior to Avila, and failed to do so within the limitation period. In the instant case, prior to the decision of the Supreme Court in Avila, the existence of such cause of action was inherently unknowable, and in fact had been held not to exist. As stated in the above cited federal cases, until there is a right to succeed, a right to sue is hollow. And it has been said that a right without a remedy is a ghost in the law and difficult to grasp. The simple answer to the contention is that during the decade prior to Avila it was the law that a complaint purporting to present such claims would not state a cause of action.
Accordingly, we hold that the cause of action for the relief sought by the plaintiffs in this case accrued on March 31, 1977 by virtue of the Avila decision, and that such cause of action did not exist prior thereto. Therefore, this action which was filed on April 15, 1977 was not barred by the statute of limitations.
We agree with the contention of the appellant that the court erred in holding that the plaintiff's action was barred by estoppel by judgment or by res judicata.[3] The trial court's holding that this action was so barred was based on three prior cases which the court's order referred to as those cited in the defendant's motion for summary judgment.
Those prior cases and this case did not share the same cause of action, and the issues presented by this complaint were not tried and determined in said prior actions. The cause of action presented here was not pleaded and determined in the prior actions, and since the cause of action presented here did not exist at the time of the said prior actions, it was not a matter which properly should or could have been included in such prior actions.[4]
*1321 For a prior judgment to be res judicata of a subsequent action, as stated by the Supreme Court in Virginia Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 So. 504, 507 (1909), "there must be (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made." That statement of requirements for res judicata has been adhered to consistently, and restated in subsequent decisions too numerous to justify their citation here (for example, see cases cited in Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961) at 94, n. 3).
Regarding the above listed requirements, the appellant contended that those as to identity of cause of action and identity of parties were not met. We agree thereto as to absence of identity of cause of action, but feel that identity of parties sufficiently existed. The parties were not identical. However, the essential defendants were the same, and as to plaintiffs, the condominium unit owners were the real parties in interest whether an action brought on their behalf was filed by the condominium association or by some unit owners.
An added requisite for a prior action to operate as res judicata to bar a subsequent action is that the former must have been disposed of by a judgment rendered on the merits. Kent v. Sutker, 40 So.2d 145 (Fla. 1949); Allbright v. Hanft, 333 So.2d 112 (Fla. 2d DCA 1976); Cabinet Craft v. A.G. Spanos Enterprises, 348 So.2d 920, 922 (Fla. 2d DCA 1977). Pursuant to that requirement, a prior action that is terminated on a ground that is technical, where the merits are not brought into question and decided, will not be res judicata of the merits. Thus, in Cabinet Craft v. A.G. Spanos Enterprises, supra, the court said:
"Each of these four conditions existed in the instant case. However, as a general rule, a judgment entered upon any grounds which do not involve the merits of the action may not be used as the basis for the application of res judicata. Kent v. Sutker, 40 So.2d 145 (Fla. 1949). Thus, the court in Kent said:
"`... Under this rule, an adjudication on grounds purely technical, where the merits cannot come into question, is limited to the point actually decided, and does not preclude the maintenance of a subsequent action brought in a way to avoid the objection which proved fatal in the first action * * *'"
*1322 Tested by the foregoing rules, none of the prior cases relied on by the trial court were res judicata of this action. In the prior case of Abbott v. Burleigh House, Inc., 34 Fla. Supp. 209 (Fla. 11th Cir.1970), this cause of action was not pleaded, tried or determined. In the prior case of Burleigh House Condominium, Inc. v. Buchwald, as Trustee (Circuit Court No. 73-27193), the action was disposed of by a settlement[5] while on appeal, and the order of the trial court (prior to the appeal and settlement) was one which disposed of the declaratory judgment feature of that action on a technical ground and not on the merits, by holding it was barred by res judicata. The complaint as amended in that case showed the declaratory judgment was sought on questions other than those involved in the present case. The third case relied on by the trial court (Burleigh House Condominium, Inc. v. Buchwald, as Trustee) likewise was not determined by a judgment on the merits, because ultimately it was dismissed on a purely technical ground, for want of capacity of the plaintiff to sue.
We have not overlooked the rule, referred to in Gordon v. Gordon, 59 So.2d 40, 44 (Fla. 1952), that under res judicata a final judgment which bars a subsequent suit between the same parties upon the same cause of action also "is conclusive as to all matters germane thereto that were or could have been raised." In view of that rule, it may be argued that although the cause of action in this case was not the same as the causes of action in the prior cases involved, that the latter should be regarded as res judicata on the ground that the cause of action of the present case properly could have been asserted by the plaintiffs in such prior actions. We must reject that argument as applied to this case. It would have no application to the above discussed second and third of the prior cases, for the reason that in neither of them was there a final judgment on the merits of the matters there involved. As to the other, the Abbott case, it would be unreasonable to assume that this cause of action, established by Avila in 1977, was one that properly could or should have been asserted in Abbott in 1970 after holdings by the District Court of Appeal in 1967 and the Supreme Court in 1968 that such a claim did not constitute a cause of action. The reasons excusing failure to assert such a claim at a time when there was "no reasonable probability of successfully prosecuting the claim", in dealing with the statute of limitations, have equal application in regard to this feature relating to res judicata.
Estoppel by judgment differs from res judicata in that while there must be identity of the persons or parties to the actions there need not be identity of the cause of action. Under the doctrine of estoppel by judgment a prior action will operate to bar in a second action those facts and issues which were tried and determined in the prior action. See Gordon v. Gordon, supra. The brute fact is that the issues presented by the cause of action in this case were not tried and determined in any of the above described prior actions.
For the reason stated, the summary judgment entered in favor of the defendants is reversed, and the cause is remanded to the circuit court for further proceedings consistent with the principles announced in Avila, 347 So.2d 599, and Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, supra, 350 So.2d 502, at 507.
Reversed and remanded.
NOTES
[1] Thereafter, on authority of Avila, in September of 1977 in the case of Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), on considering an appeal from an order dismissing a counterclaim of a condominium association against such a lessor for relief from such a lease on the ground of unconscionability of the lease contract and its excessive rental, the appellate court, upon noting that the dismissal order had been entered prior to the decision in Avila, remanded the matter to the trial court for reconsideration, stating that pursuant to the principles announced in Avila the court could modify the rent, or alter the lease as to the terms found to be unconscionable, by rent adjustment and requiring return of that portion of the rent already paid which represented an unconscionable amount of rent, and that the trial court should do equity between the parties.
[2] In Wechsler v. Goldman, 214 So.2d at 744, the court said:

"* * * In making that lease the promoters, in effect, were dealing with themselves. It is disclosed that the rental which they thus imposed on the condominium associations for use of the represented recreational area was exorbitant, amounting to more per year than the assessed value of the property leased; and that thereby the promoters acquired for themselves an excessive profit at the ultimate expense of the purchaser-members of the condominium associations which they had created and sold under Chapter 711, Fla. Stat., F.S.A., the Condominium Act (Laws of 1963, ch. 63-35).
* * * * * *
"It is not without some reluctance that we hold the plaintiff condominium associations do not have a cause for relief against the claimed exorbitant lease rental obligation imposed on them while both lessor and lessee were owned or controlled by the promoters. However, we affirm the decree on the authority of Fountainview Association, Inc., No. 4 v. Bell, Fla. App. 1967, 203 So.2d 657, which, on review by the Supreme Court of Florida, recently was held to have been correctly decided."
[3] In the order granting summary judgment the court held that the plaintiff's action was barred by the statute of limitations. In a subsequent order, entered on denying plaintiff's motion for rehearing, the court added the grounds that the action was barred by estoppel by judgment and by res judicata.
[4] One of the three prior cases listed in the motion for summary judgment, which the court relied upon, was a circuit court decision, Abbott v. Burleigh House, Inc., decided in 1970. The judgment in that case, as reported in 34 Fla. Supp. 209, shows in detail the claims or causes of action presented there. That case involved three actions that had been consolidated, filed by prospective purchasers of condominium units, who had contracted for their purchases, against Burleigh House Inc. [the developer] and Burleigh House Condominium Inc. [the condominium association, which at that time still was owned and controlled by the developer] and against Herbert Buchwald, as trustee [the record title owner of the leased community facilities premises] and Burleigh House Management Corporation [which held a contract to manage the condominium]. One of those consolidated cases was No. 70-14179. It did not contain any cause of action seeking relief against the recreational lease on the ground of unconscionability, or otherwise. It challenged the management contract as not being in accord with representations, and sought to have it revised to conform to alleged representations, and contained a claim that under the condominium statute it was the plaintiffs rather than the defendants who should make the management contract. Additionally therein plaintiffs listed a number of respects in which they alleged the construction of the building and its facilities were deficient and sought to have them corrected. By Case No. 70-14180 the plaintiffs alleged the apartment units did not meet the planned sizes, etc., as per the brochure, and sought specific performance to make the same conform to the brochure. That case also alleged that it had been represented to plaintiffs that the condominium association would be the owner of the community facility or recreational premises, and sought a judgment so holding. The third of those consolidated cases, No. 70-16198, contained a number of counts by which the plaintiffs contended that it had been represented to them that the owners of the units would own the recreational property described in the community facilities lease, and that it would be inequitable for the developers to own the same in view of such alleged representations to the contrary. In that action the court denied the relief sought on those several contentions, all of which were foreign to the cause of action presented in the instant case.

A second action relied on by the trial court as res judicata of this case was Dade County Circuit Court Case No. 73-27193. There this condominium association sued Buchwald, as trustee. The action was one for declaratory judgment as to the rights of the plaintiff under the recreational lease and as to whether rent was payable for a certain two month period, and in what amount. The questions for which declaratory judgment was sought there were different from the questions presented here as to the lease. The trial court entered two orders. The matter for which declaratory judgment was sought was not tried. No declaratory judgment was entered on the merits thereof. The trial court disposed of the declaratory judgment feature of that case by holding it was barred by res judicata based on the prior Abbott case, the nature of which is discussed above in this footnote. All matters in that second case were settled by agreement between the parties thereto, as shown by a later appeal which was had with reference to the extent of such settlement. Burleigh House Condominium, Inc. v. Buchwald, 328 So.2d 554 (Fla. 3d DCA 1976).
The third prior case involved was an action by this condominium association against Buchwald and others, filed in the United States District Court, wherein the plaintiff contended that the community facilities lease as made was in violation of federal antitrust laws, and sought damages therefor. That case was not concluded by any judgment on its merits. On an appeal therein the United States Court of Appeals held that the plaintiff did not have standing to bring the action, and remanded the cause with direction to the District Court to dismiss the action. See Burleigh House Condominium, Inc. v. Buchwald, 546 F.2d 57 (5th Cir.1977).
[5] On the effect of a settlement or voluntary dismissal of a prior action as precluding it from operating as res judicata of the matters involved therein, see North Shore Realty Corporation v. Gallaher, 99 So.2d 255 (Fla. 3d DCA 1957); de Cancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla. 1973).