436 So.2d 184 (1983)
PENTHOUSE NORTH ASSOCIATION, INC., Appellant,
v.
Remo M. LOMBARDI, et al., Appellees.
Remo M. LOMBARDI, et al., Appellants,
v.
PENTHOUSE NORTH ASSOCIATION, INC., Appellee.
Nos. 81-347, 81-1011.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
Rehearing Denied September 7, 1983.
Rod Tennyson of Powell, Tennyson & St. John, P.A., West Palm Beach, for Penthouse North Association, Inc.
*185 Larry Klein, West Palm Beach; Levy, Shapiro, Kneen & Kingcade, Palm Beach, and Coleman, Leonard & Morrison, Fort Lauderdale for Remo M. Lombardi, Nadja Subric and Victoria Novotny.
GLICKSTEIN, Judge.
This consolidated appeal raises two issues; namely, (1) whether a condominium association can bring an action in 1979 against its lessors for breach of the lessors' fiduciary duties as officers and directors of the association in 1966 when the lease between the lessors and the association was executed; and (2) whether the lessors are entitled to attorneys' fees in the event of the successful defense of such action.
The association's second amended complaint alleged that in 1966 the lessors executed the lease without informing the members of the association of the escalation clause in the lease; that the lessors enriched themselves at the association's expense; that the lessors relinquished control of the association in 1968; that but for decisions of the Supreme Court of Florida, the present action would have been brought prior to 1977; and that it was not until 1979  when the action was finally brought  that the association knew the lessors were going to enforce the escalation clause.
The association, in contending its right to bring an action in 1979, relies upon the decision of our sister court in Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979), which was decided solely on the court's analysis of the statute of limitations. We disagree with that analysis.
Factually, the cases are similar. There, the association brought action in 1977, alleging that the lessors of the recreational lease had breached their fiduciary duty to the condominium purchasers in 1969 by including provisions for excessive rental at a time when the lessors controlled the association. The trial court dismissed the complaint on the ground that the action was barred by the statute of limitations. The Third District Court of Appeal reversed, holding that the association's cause of action did not accrue until the 1977 decision of the supreme court in Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977), which recognized a cause of action in favor of the condominium association and its unit owners. Therefore the association's action was not barred. In deciding as it did, the panel in Buchwald primarily relied upon United States v. One Red Chevrolet Impala Sedan, 457 F.2d 1353, 1358 (5th Cir.1972) which we find to be clearly distinguishable from the present case and not a sound foundation for the extension constructed by our sister court.
The Chevrolet case upon which Buchwald stands or falls was an action against the government to recover property which had been forfeited pursuant to libels of information. In United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the Supreme Court of the United States gave full retroactivity to its earlier decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) which held that the privilege against self-incrimination was a complete defense to a forfeiture proceeding based on criminal prosecutions against a gambler for failure to register and pay the related gambling tax. Accordingly, in Chevrolet, the Fifth Circuit recognized that the government could have absolutely no defense to the action to recover the property, which had been unlawfully forfeited to it pursuant to a statute subsequently held to be unconstitutional. It would have been an absurdity to prevent the property owner from recovery of his property under such circumstances when there was utterly no defense. The court said in Chevrolet:
Moreover, the time at which a cause of action accrues should be interpreted in light of the general purposes of the limitation statute and the practical ends to be served by the limitation of time. Crown Coat Front Company v. United States, *186 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967); Cooper v. United States [442 F.2d 908 (7th Cir. 1971)], supra. Looking to these purposes and practicalities, we see no possibility that due to the passage of long periods of time, appellant will be able to succeed on the basis of a stale or unjust claim. The government seized the property involved here in a manner which no one thought to be unconstitutional at the time of forfeiture and for years afterward. However, it is clear today that the government had no right to do so. The government has lost no defenses or evidence due to the passage of time, which would entitle it to keep the property. The government simply never had, nor could it have, any such evidence or defense. Considering, therefore, the lack of governmental interest in applying the limitations period of the instant case and plaintiff's lack of expectancy of success in the intervening years, we hold that the cause of action accrued as of January 29, 1968, the date of decision in Marchetti and Grosso.

Id. at 1358.
We agree with the result in Chevrolet. However, we find no parallel between Buchwald and Chevrolet. Instead, we liken Buchwald and the present case to those many occasions on which the Supreme Court of Florida has overturned or receded from common law rules in the area of torts. See, for example, Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932), which allowed the customer of a beauty shop to sue the operator thereof  a married woman; Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), which permitted suit against a municipality for torts committed by its police officers; and Gates v. Foley, 247 So.2d 40 (Fla. 1971), which recognized wives' claims for loss of consortium. In none of these cases did the supreme court say that as to all incidents which occurred since the year "1" the cause of action would now accrue as of the date of its new decision. It simply turned the page on an old common law rule which it had previously recognized. Similarly, we find nothing in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) to invite actions  based on accidents occurring during the millennium  in which prospective plaintiffs now believed themselves to be comparatively, not contributorily, negligent. We believe the court was of the same mind in Avila. Accordingly, we affirm the dismissal with prejudice of the association's second amended complaint as well as the dismissal of its earlier pleading. In doing so, we expressly recognize the decision on this issue to be in conflict with Buchwald.
On the second issue, the lessors contend that they are entitled to attorneys' fees because of the following language in Article VII of the association's articles of incorporation:
INDEMNIFICATION
Every director and every officer of the Association shall be indemnified by the Association against all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon him in connection with any proceeding to which he may be a party, or in which he may become involved, by reason of his being or having been a director or officer of the Association, or any settlement thereof, whether or not he is a director or officer at the time such expenses are incurred, except in such cases wherein the director or officer is adjudged guilty of willful misfeasance or malfeasance in the performance of his duties; provided that in the event of a settlement the indemnification herein shall apply only when the board of directors approves such settlement and reimbursement as being for the best interests of the Association. The foregoing right of indemnification shall be in addition to and not exclusive of all other rights to which such director or officer may be entitled.
The association contends the trial court correctly denied the lessors' motion for attorneys' fees based on the decision of this court in Century Village, Inc. v. Chatham Condominium Associations, 387 So.2d 523 (Fla. 4th DCA 1980), which held that the indemnification clause in a condominium recreation lease was intended to apply to *187 claims brought by third parties against the lessor, not to actions between the lessor and lessees.[1]
We are concerned that the parties have not mentioned section 607.014, Florida Statutes (1977) in any of their briefs, notwithstanding the apparent applicability of that statute to this case.[2]Century Village, to which the parties refer, did not involve an action against the officers and directors of an association for breach of a fiduciary duty and contains no discussion of chapter 607.[3] Moreover, as can be seen from section 607.014(2) an officer and director is entitled, under certain circumstances, to indemnity, notwithstanding adjudication of liability against him in favor of the corporation.
Whether we apply section 607.014(2) or (6), the association in this case expressly undertook in Article IV to indemnify the officers and directors in circumstances such as the present; namely, the successful defense of an action brought by the association. Accordingly, the trial court erred in *188 denying the individual's motions for attorneys' fees. We reverse the order and remand for a determination of those fees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GREEN, OLIVER L., Associate Judge, concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
I respectfully dissent. I would follow Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979), and reverse the order of dismissal.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
As to the first issue appellant contends in its motion for rehearing that this court overlooked the supreme court's decision in Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977). This court's opinion refers to that decision and deals at length with Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979), wherein our sister court, analogizing to United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir.1972), found a cause of action accruing only upon the supreme court's Avila decision, when the lease on which the Burleigh suit was based had been executed in 1969. In the instant opinion this court explained why it thought the Avila holding was not intended to have retroactive effect.
As to the second issue, in discussing our reversal of the trial court's denial of lessors' attorney's fees, appellant basically argues that we are applying section 607.014, Florida Statutes (1977) retroactively, because Article VII of appellant's articles of incorporation, which provides for indemnification, was adopted in 1966. Had the law suit been brought before the statute was enacted we could better understand appellant's argument. Here the law suit was not filed until 1979. Appellant appears to contend that for the statute to apply, not only the filing of the law suit but also adoption of the indemnity provision in the articles of incorporation would have had to occur after enactment of the statute. We cannot agree. Section 607.014(3) seems to us to be self-activating. Its effect does not depend on a corporation's subsequent adoption of an indemnification for attorney's fees provision. This discussion is in any event academic, because either the indemnity provision in appellant's articles or section 607.014 is a sufficient basis for award of attorney's fees to appellees.
Accordingly, the motion is denied.
HURLEY, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] The indemnification clause in that case provided:

Lessee covenants and agrees with Lessor that during the entire term of this Lease, the Lessee will indemnify and save harmless the Lessor against any and all claims, debts, demands, or obligations which may be made against Lessor, or against Lessor's title of the premises, arising by reason of or in connection with the making of this Lease and the ownership by Lessee of the interest created in the Lessee hereby, and if it becomes necessary for the Lessor to defend any action seeking to impose such liability, the Lessee will pay the Lessor all costs of Court and attorney's fees incurred by the Lessor in effecting such defense, in addition to any other sums which the Lessor may be called upon to pay by reason of the entry of a judgment against the Lessor in the litigation in which such claim is asserted.
Id. at 523.
[2] Section 607.014(2) provides:

A corporation shall have power to indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee, or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit, including any appeal thereof, if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation, except that no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable for negligence or misconduct in the performance of his duty to the corporation unless, and only to the extent that, the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.
Section 607.014(3) provides:
To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.
Section 607.014(4) provides:
Any indemnification under subsection (1) or subsection (2), unless pursuant to a determination by a court, shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the director, officer, employee, or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in subsection (1) or subsection (2). Such determination shall be made by the board of directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit, or proceeding or by the shareholders by a majority vote of a quorum consisting of shareholders who were not parties to such action, suit, or proceeding.
Section 607.014(6) provides:
A corporation shall have the power to make any other or further indemnification, except an indemnification against gross negligence or willful misconduct, under any bylaw, agreement, vote of shareholders or disinterested directors, or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office.
[3] See generally Judge Wetherington's distinguished article Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383 (1980).