387 So.2d 523 (1980)
CENTURY VILLAGE, Inc., Appellant,
v.
CHATHAM CONDOMINIUM ASSOCIATIONS, Etc., et al., Appellees.
No. 79-2141.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
David St. John of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellees.
MOORE, Judge.
This is an appeal from the trial court's dismissal, with prejudice, of a claim for attorneys fees. Appellant is the lessor under a condominium recreation lease and the appellees are condominium associations which are the lessees. In 1975, the lessees sued the lessor in United States District Court for alleged violations of federal antitrust laws in connection with the lease contracts. That suit was dismissed and the lessor filed suit in state court to recover attorneys fees incurred in the federal court litigation. The claim was based upon an indemnification clause contained in the lease as follows:
INDEMNIFICATION
Lessee covenants and agrees with Lessor that during the entire term of this Lease, the Lessee will indemnify and save harmless the Lessor against any and all claims, debts, demands, or obligations which may be made against Lessor, or against Lessor's title of the premises, arising by reason of or in connection with the making of this Lease and the ownership by Lessee of the interest created in the Lessee hereby, and if it becomes necessary for the Lessor to defend any action seeking to impose such liability, the Lessee will pay the Lessor all costs of Court and attorney's fees incurred by the Lessor in effecting such defense, in addition to any other sums which the Lessor may be called upon to pay by reason of the entry of a judgment against the Lessor in the litigation in which such claim is asserted.
Notwithstanding the decision in the federal appeals court reversing the dismissal by the district court, the lessor nevertheless contends that it is entitled to indemnification. The trial court disagreed as do we. We affirm.
*524 It is quite obvious that the indemnification clause was not intended to apply to actions between the lessor and lessees, but rather to claims of third parties against the lessor. Accepting the lessor's contention would amount to accepting the incongruous theory that although the appellees may be successful in their litigation, they would nevertheless have to satisfy their own judgment in addition to paying the lessor's costs. The law will not sanction such an anomaly.
AFFIRMED.
LETTS, C.J., and HERSEY, J., concur.