461 So.2d 1350 (1984)
PENTHOUSE NORTH ASSOCIATION, INC., Petitioner,
v.
Remo M. LOMBARDI, et al., Respondents.
No. 64380.
Supreme Court of Florida.
December 6, 1984.
Rehearing Denied February 5, 1985.
*1351 Mark B. Schorr of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for petitioner.
Levy, Shapiro, Kneen & Kingcade, Palm Beach, Coleman, Leonard & Morrison, Fort Lauderdale, and Larry Klein, West Palm Beach, for respondents.
McDONALD, Justice.
We have for review Penthouse North Association, Inc. v. Lombardi, 436 So.2d 184 (Fla. 4th DCA 1983), based upon express and direct conflict with Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The question presented is whether an action by a condominium association against its directors for an alleged breach of fiduciary duty in reference to a rent escalation agreement brought thirteen years after the execution of the agreement, but before the escalated rent was demanded, is timely. We hold that it is.
Penthouse North Association, Inc. (association), a condominium association, filed its second amended complaint in 1980 against Remo Lombardi, Alfred Anderson, and the estate of Joseph Novotny (lessors) for breach of the lessors' fiduciary duties as officers and directors of the association. In 1966 the lessors executed a ninety-nine-year recreation lease containing a rent escalation clause tied to the consumer price index. The association alleged that the lessors, who were simultaneously directors of the association, breached their fiduciary duties by including the escalation clause without disclosing it to the association members and by using their position to enrich themselves at the expense of the association. The association alleged timely filing of the original complaint because the lessors did not relinquish control of the association until 1968, and Florida case law precluded this cause of action until 1977. The association brought the action promptly after being notified in 1979 that the escalation clause would be enforced. The trial court, finding that the action was barred by the statute of limitation, granted the lessors' motion to dismiss the second amended complaint with prejudice. The trial court later struck the lessors' request for attorney's fees, finding that neither section 57.105, Florida Statutes (1979), nor the association's articles of incorporation authorized an award of attorney's fees.
The association appealed the dismissals of its original and second amended complaints; the lessors cross-appealed the order striking their request for attorney's fees. The district court rejected the contrary holding in Burleigh House and affirmed the dismissals, reasoning that Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977), did not revive otherwise time-barred causes of actions by delaying their accrual until Avila South was decided. The district court reversed and remanded the order striking attorney's fees, finding the lessors entitled to attorney's fees either under the indemnification provision in the association's articles of incorporation or under section 607.014, Florida Statutes (1979). While we agree with the district court's interpretation of the effect of Avila South on previously time-barred actions, we quash the rest of the decision under review because it failed to consider when the cause of action accrued.
The association urges us to adopt the Burleigh House holding that a condominium association's cause of action for breach of fiduciary duties and unjust enrichment by its former officers and directors did not accrue until Avila South was decided in 1977. We agree that Avila South had retroactive application. Nevertheless, we disapprove any implication in *1352 Burleigh House that Avila South breathed new life into those causes of action previously barred by a statute of limitations or laches. This Court has often changed common-law tort rules or recognized new causes of action without affecting time-barred claims. This may seem unfair to those plaintiffs who would have had viable claims if the change of law had occurred earlier, but potential and actual liability must end with finality at some point. Persons should have the right to conduct their affairs without fear of liability for their actions once an appropriate limitation period has passed. Accordingly, we approve the district court's holding on this point and disapprove any language in Burleigh House to the contrary.
We do not agree, however, that the association's cause of action in this case was time-barred. Because the trial court decided this case on a motion to dismiss, all facts alleged in the complaint must be assumed to be true. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla. 1973). The association's second amended complaint alleged a breach of fiduciary duty in 1966 by the lessors when they executed the recreation lease with an escalation clause effective in 1981. The association also alleged it was not notified until 1979 that the escalation clause would be enforced by the lessors. Assuming these allegations to be true, the last element of the association's cause of action, damages, occurred no earlier than either when the association received notice that the rent escalation clause would be enforced in 1979 or when the lessors actually demanded the escalated rent in 1981.
This is so because the obligation to pay rent is a contingent one which becomes an enforceable debt only as the rent is earned through the lessee's use of the property. De Vore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947). A statute of limitation does not commence to run until the cause of action accrues. A cause of action does not accrue until someone has been damaged by the acts complained of.[*]
The alleged wrong took place in 1966 when the defendants, acting as officers and directors of the condominium association, allegedly violated their fiduciary duties. The harm, or damages, did not materialize until the escalated rent was demanded. In this case the association timely filed this action upon notification of the lessors' intent to escalate the recreation lease rent. If anything, the action was premature rather than tardy. The second amended complaint should not have been dismissed, and we quash that portion of the district court's opinion.
We also quash the rest of the district court's opinion finding the lessors entitled to attorney's fees. The trial court found that the indemnification provision in the association's articles of incorporation applied to actions between the lessors and third parties, but not in actions between the lessors and the association itself. The district court disagreed. The court distinguished its own prior decision in Century Village, Inc. v. Chatham Condominium Associations, 387 So.2d 523 (Fla. 4th DCA 1980), on the grounds that Century Village neither discussed the statutory entitlement to officer and director indemnity found in section 607.014 nor involved a breach of fiduciary duty claim.
Section 607.014 has no application to this association, which is a not-for-profit corporation. The indemnification provisions of 607.014 have been applicable to not-for-profit corporations only since 1982. § 617.028, Fla. Stat. (Supp. 1982). The subsequent enactment of an applicable indemnification provision, however, does not control in this case first brought by the association in 1979.
The fact that this is an action for breach of fiduciary duty and unjust enrichment *1353 further convinces us that the lessors' indemnification argument must fail. We agree with the following answer from Century Village to a similar contention by a lessor:
Accepting the lessor's contention would amount to accepting the incongruous theory that although the appellees [condominium associations] may be successful in their litigation, they would nevertheless have to satisfy their own judgment in addition to paying the lessor's costs. The law will not sanction such an anomaly.
387 So.2d at 524.
We find no applicable statutory or contractual basis for an award of attorney's fees to the lessors. The trial court properly struck the lessors' motion for attorney's fees.
Accordingly, we approve in part and quash in part the district court decision. This case is remanded for reinstatement of the association's second amended complaint and further proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion, in which ALDERMAN, J., concurs.
BOYD, Chief Justice, dissenting.
I agree with that portion of the majority opinion which holds that a change in decisional law does not revive time-barred causes of action. I dissent to the Court's holding that the cause of action in this case was not barred by the statute of limitations. In particular, I disagree with the finding that the cause of action did not accrue until the lessors of the recreation facilities sought to invoke the escalation clause and increase the rent.
The complaint in this case charged a breach of fiduciary duty occurring when, as alleged, the lessors of the recreation property, acting on behalf of the condominium owners' association, lessees, executed the lease containing a provision for rent increases. This is alleged to have occurred in 1966. In 1968 the developers ceased to function as both lessors and lessees of the recreation property, and new officers and directors took over the operation of the condominium association, the lessees. At that time the new officers and directors of the association clearly had, it must be presumed, notice of all of the provisions of all of the agreements affecting the relationship between the lessors of the recreation property and the condominium owners, or lessees of the recreation property.
The damages flowing, if any, from the charged breach of fiduciary duty, consisted in the existence of a provision for escalable rent, and did not depend on an actual increase. The provision subjecting the condominium owners to the possibility of rent increases is what caused the alleged injury. Action to redress that injury needed to be taken within the applicable limitations period as measured from the time the developers relinquished control of the association and the officers and directors representing the condominium purchasers took over. The suggestion that the association had no notice of the existence of the escalation clause until 1979 is erroneous. The limitations period began to run when the association knew or should have known of the alleged acts constituting a breach of fiduciary duty.
The applicable limitations period was three, four, or five years depending on how one might characterize the nature of the cause of action. See § 95.11(3), (4), and (5), Fla. Stat. (1967). It is unnecessary to undertake that inquiry because the action was not brought until over ten years after the condominium purchasers took over control of the association. Therefore the action was barred by the statute of limitations, as was correctly held by both the trial and appellate courts. I would approve the decision of the district court of appeal.
ALDERMAN, J., concurs.
NOTES
[*] Statutes of limitation are to be distinguished from statutes of repose. In the latter instance if the last element of a cause of action, damages, does not accrue within a designated time, no claim can be maintained. We have here a statute of limitation situation.