561 So.2d 1204 (1990)
Erhard BREITZ, Appellant,
v.
LYKES-PASCO PACKING CO., Appellee.
No. 89-01019.
District Court of Appeal of Florida, Second District.
April 6, 1990.
Rehearing Denied June 5, 1990.
*1205 Melinda L. McNichols and Robbie M. Barr of Bailey & Hunt, P.A., Miami, for appellant.
Charles W. Pittman of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
LEHAN, Judge.
We affirm the summary judgment for defendant based upon the running of the statute of limitations on the count of this suit for fraud.[*] Contrary to the arguments of plaintiff, the limitations period began to run when plaintiff had notice of the alleged injury and of the transaction involving defendant resulting in the injury. Cf. Jackson v. Georgopolous, 552 So.2d 215, 218 (Fla. 2d DCA 1989) (Lehan, J., concurring). Cf. also Jackson v. Georgopolous, 552 So.2d 215, 216 (Fla. 2d DCA 1989). That type of notice existed at a time more than four years prior to the filing of suit as shown by the undisputed evidence of plaintiff's expressed belief at that time that the debt claimed by plaintiff in this suit to have been fraudulently overstated by defendant was overstated by defendant.
The running of the limitations period began under these circumstances when plaintiff had "notice of the possible invasion of [his] legal rights." Id. at 218 (Lehan, J., concurring), quoting Nardone v. Reynolds, 333 So.2d 25, 34 (Fla. 1976). For this purpose it was not necessary that plaintiff know of all elements of his alleged cause of action, specifically in this case the element of fraudulent intent on the part of defendant. Id.; Armbrister v. Roland Int'l Corp., 667 F. Supp. 802, 812 (M.D. Fla. 1987) (running of fraud statute of limitations begins when plaintiff should have known, with the exercise of any diligence, that the allegedly fraudulent transaction was suspect).
Affirmed.
CAMPBELL, C.J., and FRANK, J., concur.
NOTES
[*] While there were other counts to which the summary judgment applied, the fraud count is the only count as to which plaintiff contends on appeal the trial court erred in entering the summary judgment.