582 So.2d 772 (1991)
William HYND, d/b/a (PIP) Postal Instant Press, Appellant,
v.
Thomas K. IRELAND, Individually, and As Successor to Casto Developers, a Florida Limited Partnership, Appellee.
No. 90-2794.
District Court of Appeal of Florida, Fourth District.
July 17, 1991.
Edward J. O'Hare, Coral Springs, for appellant.
Lauri Waldman Ross of Kelly, Black, Black, Byrne, Beasley & Bales, P.A., Miami, for appellee.
HERSEY, Judge.
Appellant, William Hynd, was a tenant under a five-year lease (with options) of property owned by appellee, Thomas K. Ireland. The lease was dated December 1981. On June 12, 1984, representatives of the Department of Transportation of the State of Florida (DOT) informed appellant that the property was to be condemned. The taking occurred on December 27, 1986. Appellant sued appellee for fraud (in connection with the making of the lease) on December 21, 1989. The trial court entered Summary Judgment for appellee based upon the statute of limitations. The issue on appeal is: when does the statute of limitations commence to run.
*773 An action for fraud must be filed within four years of the accrual of the cause of action. § 95.11(3)(j), Fla. Stat. (1989). The trial court determined that the statute of limitations began to run on June 12, 1984, when appellant received direct notice of the DOT's intention to condemn the property. Appellant argues that the statute did not begin to run until the property was actually taken. Appellant claims that damages did not become certain until the DOT acquired title to the property on December 27, 1986, and only then did appellant have specific damages upon which to bring suit.
Florida law is clear that it is the accrual of a cause of action which commences the running of the statute of limitations. Penthouse North Assoc., Inc. v. Lombardi, 461 So.2d 1350 (Fla. 1984); § 95.031, Fla. Stat. (1989). Damages are an essential element of a cause of action for fraudulent misrepresentation and fraudulent omission. Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985). Because a cause of action does not accrue for statute of limitations purposes until all elements are present, a determination as to when legally cognizable damages were incurred by appellant will be dispositive of this case.
Appellant argues that a suit filed in June or July of 1984 would have been premature because the key element of damages was uncertain at that time. Further, appellant distinguishes a case relied upon by appellee, Breitz v. Lykes-Pasco Packing Co., 561 So.2d 1204, 1205 (Fla. 2d DCA) (the running of the statute of limitations began when plaintiff had "notice of the possible invasion of [his] legal rights [and] ... [f]or this purpose it was not necessary that plaintiff know of all elements of his alleged cause of action"), rev. denied, 576 So.2d 285 (Fla. 1990), by stating that, "while plaintiff may not be totally aware of all the elements of the action for fraud, all of the elements must exist before an action may be maintained."
Appellant is correct in this assertion; however, all the elements of fraud, including damages, did exist at the time appellant received actual notice of the pending condemnation. In Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983), a legal malpractice case, the first district affirmed a final summary judgment based on a statute of limitations defense. The Kellermeyer court held that the immediate diminution in the market value of appellant's note and mortgage, if proximately caused by his attorney's negligence in not providing a properly enforceable agreement to insure that certain proceeds were applied to the improvement of the mortgaged property, supplied the damage element essential to the accrual of a cause of action. Id. at 346. It was not necessary that the exact amount of damages be foreseeable to have a cause of action. Rather, as the court stated:
The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.
Id. (quoting City of Miami v. Brooks, 70 So.2d 306, 308 (Fla. 1954)) (emphasis added).
In the instant case there is evidence that appellant incurred damages shortly after receiving actual notice of the pending condemnation on June 12, 1984, and much earlier than the actual taking of his leased property. The record indicates that in November 1984 appellant's business was suffering as a result of the threat of condemnation; more specifically, the other stores in the mall were empty and there was less customer traffic. Although this evidence of damage may be considered slight, uncertain, or incomplete, as in Kellermeyer, it is immaterial that not all the damages resulting from appellee's alleged fraud had then been sustained. Clearly, damage actually occurred, although the amount remained uncertain, and appellant had more than the mere possibility of future damage.
Finally, appellant's argument that damages were uncertain based on the possibility that the DOT could have changed its *774 mind about perfecting the condemnation up until the actual taking is without merit. This court held in the related case of Jack Bakery Serv. Inc. v. Western Treats Meat Market, Inc., 547 So.2d 250 (Fla. 4th DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990), that such a possibility did not allow the appellee (Ireland) to postpone disclosing facts about the condemnation until the legal taking occurred, and that appellant's cross-claim had stated a cause of action for fraud. Id. at 251 (emphasis added).
For these reasons, we affirm the trial court's final summary judgment against appellant.
AFFIRMED.
DOWNEY and DELL, JJ., concur.