FULMER, Judge.
Donald W. Sandford and JoAnne Sand-ford appeal the adverse final summary judgment entered in their negligence action against Manatee County (“the County”). The Sandfords contend that the trial court erred in determining that their cause of action was barred by the limitations periods set forth in sections 95.11(3)(a) and 768.28(6)(a), Florida Statutes (1997). We affirm because the trial court correctly ruled that the cause of action accrued on or before March 21, 1995, when the Sand-fords informed the County in writing of the facts giving rise to their claim.
In 1995, the Sandfords suspected there was a subsidence problem on their property when a sinkhole developed in their driveway. The sinkhole caused some visible damage to the Sandfords’ property. On March 21, 1995, Mr. Sandford wrote a letter to the County’s risk adjuster concerning the sinkhole. In that letter Mr. Sandford expressed his belief that the sinkhole was caused by a deteriorating storm pipe. In response to Mr. Sandford’s letter, on September 27, 1995, the County wrote a letter to Mr. Sandford, disclaiming ownership of the storm pipe and responsibility for the damage caused by the sinkhole.
During the next twelve months, the Sandfords continued to investigate the cause of the subsidence. On September 24, 1996, the Sandfords received a copy of a report prepared by an expert concerning the possible cause of the subsidence and the damage which resulted as a consequence of the subsidence. The Sandfords then obtained a second expert opinion advising them that the probable cause of the damage to their property was the migration of soil into the storm pipe that ran beneath their property.
The Sandfords notified the Florida Department of Insurance of their claim against the County on June 25, 1999, and filed their complaint against the County on June 30, 1999. The County answered the complaint and asserted affirmative defenses, which included the Sandfords’ failure to comply with the three-year notice requirement contained in section 768.28(6)(a) and their failure to commence their negligence action within the four-year statute of limitations period set forth in section 95.11(3)(a). Thereafter, the County filed a motion for summary judgment based on these affirmative defenses. Following a hearing, the trial court granted the County’s motion for summary judgment, concluding that the Sandfords’ claim was barred by sections 768.28(6)(a) and 95.11(3)(a) because the cause of action accrued on or before March 21, 1995, and the Sanfords failed to comply with the requisite time periods for notifying the Department of Insurance and filing their action against the County.
On appeal, the Sandfords argue that the damage caused to their property was recurrent. Specifically, they contend that the County’s deteriorating storm pipe impaired the integrity of their property, causing the soil supporting their residence to slowly migrate into the pipe. They further assert that this recurring event caused intermittent episodes of subsurface shifting and sliding, each repetition of which resulted in distinct damage and gave rise to a new cause of action. In asserting error, the Sandfords rely on cases that stand for the proposition that in actions involving temporary, occasional or recurrent damage to realty, each repetition of harm gives rise to a new cause of action with a distinct limitations period.[1]
The County, on the other hand, argues that the Sandfords’ cause of action accrued by the time Mr. Sandford wrote the March 21, 1995 letter. The County contends that the letter reflects that all the elements of a *1086 cause of action for negligence were present at the time the letter was written. The letter indicates that: Manatee County’s storm drain had caused problems on the property; the storm drain had caused a dangerous amount of erosion; and the problems got worse every day. Thus, the County asserts that while the Sandfords did not know the exact amount of the damages on March 21, 1995, they knew that damages had occurred, the damages were serious, and the damages were caused by the County’s storm drain. The County further asserts that these damages were not temporary, occasional or recurrent and, therefore, the Sandfords’ cause of action accrued no later than March 21, 1995. We agree.
The March 21, 1995 letter stated that the ground was still sinking and listed six specific problems that existed notwithstanding the County having pumped cement into the pipe and filled holes. The Sandfords knew there was a problem with erosion on March 21, 1995, and that damage had actually occurred. This knowledge was sufficient to put them on notice of their potential cause of action against the County. See Breitz v. Lykes-Pasco Packing Co., 561 So.2d 1204, 1205 (Fla. 2d DCA 1990)(“The running of the statute of limitations period began under these circumstances when the plaintiff had ‘notice of the possible invasion of [his] legal rights.’ ”) Because the Sandfords knew more than four years prior to June 30, 1996, that there was a subsidence problem on their property, the trial court correctly ruled that their action against the County is barred by the statute of limitations. See Kelley v. School Board, 435 So.2d 804, 805 (Fla.1983)(“As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his legal right to a cause of action.” (citations omitted)). Although the amount of the damage may have been uncertain, it is not necessary that all damages shall have been sustained to have a cause of action. “The running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.” Hynd v. Ireland, 582 So.2d 772, 773 (Fla. 4th DCA 1991)(citing Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983)). Accordingly, we affirm.
We have also considered the Sandfords’ challenge to the adverse final summary judgment as to Mrs. Sandford and find that it is without merit.
Affirmed.
PATTERSON, C.J., and WHATLEY, J., Concur.

. See Town of Miami Springs v. Lawrence, 102 So.2d 143 (Fla.1958); Petroleum Products Corp. v. Clark, 248 So.2d 196 (Fla. 4th DCA 1971).