[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12144

_____

D. C. Docket No. 03-21585-CV-PCH

JEANETTE KATHERINE SUCCAR SUCCAR,

Plaintiff-Appellant,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

_____

No. 06-12145

_____

D. C. Docket No. 03-21581-CV-PCH

MANUEL BEHAR FRYDLEWSKI,
JESSICA BENDERMAN WAINSENKER,

Plaintiffs-Appellants,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

————————————————

No. 06-12146

————————————————

D. C. Docket No. 03-21582-CV-HUCK

INMOBILIARIA NATANIA DE LIMA, S.C.R.L.,

Plaintiff-Appellant,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

————————————————

No. 06-12147

————————————————

D. C. Docket No. 03-21584-CV-HUCK

EDUARDO DE LAS CASAS,
MARIA ISABEL DE LAS CASAS,

2

Plaintiffs-Appellants,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

_____

No. 06-12148

_____

D. C. Docket No. 03-21586-CV-HUCK

GERALD COOKLIN ZIMMERMAN,
MARIA ALIDA COOKLIN,

Plaintiffs-Appellants,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

_____

No. 06-12149

_____

D. C. Docket No. 02-23377-CV-PCH

3

MANUAL BEHAR FRYDLEWSKI,
et al.,

Plaintiffs,

ALDO FERNANDO KAHAN NOVOA,
GUSTAVO KAHAN NOVOA,

Plaintiffs-Appellants,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

_____

No. 06-12150

_____

D. C. Docket No. 03-21583-CV-PCH

LUIS JOAQUIN CARNEIRO,

Plaintiff-Appellant,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

4

———————————————

No. 06-12151

———————————————

D. C. Docket No. 03-21587-CV-PCH

GILLIAN MENDIZABAL SEVILLA,
ENRIQUE MENDIZABAL RAIG,

Plaintiffs-Appellants,

versus

SAFRA NATIONAL BANK OF NEW YORK,

Defendant-Appellee.

———————————————

Appeals from the United States District Court
for the Southern District of Florida

———————————————

**(June 14, 2007)**

Before ANDERSON, MARCUS and COX, Circuit Judges.

PER CURIAM:

This is the second time that this case has these consolidated cases have come before this Court. In the first appeal, we affirmed the district court's grant of summary judgment to Safra National Bank. Back in the district court, Safra sought

attorney's fees, which the district court awarded, including in the award fees for all of the work done below.  The Appellants appeal both of these orders, arguing that the authorizing papers between the parties do not support the award of fees and that even if they do, the fee award should not include work done on claims that are now pending in state court, having been dismissed by the district court before they were litigated.

Under Florida law, a "contractual attorney's fee provision must be strictly construed."  B&H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Cmty. Coll., Fla., 542 So.2d 382, 387 (Fla. 4th Dist.Ct.App. 1989).   The Fourth District extensively examined the Florida Supreme Court's line of cases holding that contracts for attorney's fees must be strictly construed.  Sholkoff v. Boca Raton Community Hosp., 693 So.2d 1114 (Fla. 4th Dist.Ct.App. 1989).  The court concluded that strict construction meant that "the parties must manifest in some clear way an agreement to indemnify the other for attorney's fees for a specific matter."  Id. at 1118.

Florida courts have held that indemnification clauses similar to those in the instant case apply only to claims brought by third parties, and not to suits between the parties to the indemnification contract.  Thus, where an indemnification clause provides indemnity including attorney's fees and would seem to apply not only to

6

claims by third parties but also to suits between the parties, the Florida courts hold that the indemnification clause applies only to claims by third parties if, with respect to suits between the parties, the attorney's fees provision is not limited to prevailing parties.

The first of these cases is Century Village v. Chatham Condominium Associations, 387 So.2d 523 (Fla. 4th Dist.Ct.App. 1980). There, the indemnification provision held the Lessor harmless from liability against "any and all claims" made against the Lessor arising out of the lease contract and awarding any sums owed and attorney's fees to the Lessor should it have to defend any action. Id. at 523. The court held that the Lessor, who was sued by the Lessee and had the suit dismissed,[1] was not entitled to attorney's fees under that indemnification clause. The court held that it was "quite obvious" that the clause was not intended to apply to actions between the parties but rather that it was to apply to actions by third parties. Id. at 524. Specifically, the court stated:

> Accepting the lessor's contention would amount to accepting the incongruous theory that although the [Lessees] may be successful in their litigation, they would nevertheless have to satisfy their own judgment in addition to paying the lessor's costs.

Id.

---

[1] The appellate court had reversed the dismissal but the court did not cite that as part of its reasoning for rejecting the claim for attorney's fees.

7

The Florida Supreme Court adopted the rule from <u>Century Village</u> in

<u>Penthouse North Association v. Lombardi</u>, 461 So.2d 1350 (Fla. 1985). There, the

Association sued its directors but the trial court dismissed the suit. The supreme

court rejected the directors' request for attorney's fees, explicitly adopting the

reasoning of the court in <u>Century Village</u>. 460 So.2d at 1353. More recently, the

First District Court of Appeals denied attorney's fees to a prevailing party because

the "indemnification clauses in the Lease Agreement d[id] not provide for an award

of attorney's fees to the prevailing party in litigation between the contracting

parties." <u>Traylor Bros. v. Melvin</u>, 776 So.2d 947, 948 (Fla. 1st Dist.Ct.App. 2000).

Both of the contractual provisions relied upon by Safra contain broad

indemnification clauses but no limitation to prevailing parties in suits between the

parties to the indemnification contract. The authorization letter from Safra to the

Appellants states, in relevant part:

> we [the investors] agree to reimburse, indemnify and hold, you [Safra],
> your employees, agents and assigns harmless from all liability. . .
> claim, damage and expenses, including reasonable attorneys fees, that
> may arise out from [sic] your performance under this agreement, or
> arising from claims of third parties or from any taxes . . . which may
> be due as a result of these transactions, governmental charges and
> related expenses.

Similarly, the International Banking Terms and Conditions for Accounts, which the

Appellants agreed to abide by, provides:

8

We shall have no responsibility or liability (either at the branch of deposit or at any other office regardless of where located, including the Bank's head office) to you for any reduction in the deposit or unavailability of funds due to restrictions imposed or actions taken by any government, central bank or other fiscal, monetary or other authority, de facto or demure [sic].  You must also reimburse us for our costs and expenses, including legal fees, incurred in connection with any actions or claims asserted against us arising out of or related to the restrictions or actions described in the preceding sentence.

The two indemnification clauses here must be construed under Florida law to apply only to claims by third parties, because neither clause limits the attorney's fee provision to the prevailing party in suits between the parties to the indemnification contract.

At oral argument, Safra sought for the first time to find an exception to the concept embodied in Penthouse and Century.  Safra argued that the explicit reference to claims of third parties in the second clause of the authorization letter reflects a clear intent that the first clause must apply not only to claims of third parties, but also to claims between the parties because without that, it would be redundant with the other clauses.  We reject Safra's argument.  The indemnification can be separated into three clauses:  (1) "we [the investors] agree to . . . indemnify . . . you [Safra] . . . from all liability . . . including reasonable attorneys fees, that may arise out from [sic] your performance under this agreement"; (2) "or arising

9

from claims of third parties"; (3) "or from any taxes . . . governmental charges and related expenses." It is true that the first clause could be read to encompass both claims by third parties as well as suits between the contracting parties. Because the Florida case law discussed above in effect rejects the interpretation of the first clause that would encompass suits between the contracting parties because it lacks a prevailing party clause, it is also true that the remaining aspect of the first clause is redundant with the second clause. However, the third clause also refers to claims by a third party, i.e., the government, and therefore is also redundant. The drafter of the instant document obviously was not averse to redundancy. In any event, under the strict construction applied by Florida courts to attorney's fees provisions, we readily conclude that there is no clear and manifest intention that appellants should indemnify Safra for attorney's fees in these consolidated cases.[2]

Accordingly, the judgments of the district court are reversed.

**REVERSED.**

---

[2] Because no attorney's fees at all are due to be paid to Safra in these cases, we need not address the other argument asserted on appeal.

10